Conrad J. Kuyawa (SB#300226)
LAW OFFICES OF CONRAD J. KUYAWA
530 Divisadero Street, PMB 804
San Francisco, CA 94117
Phone Number: (877) 364-6210
Fax: (925) 378-5922
Email: Conrad@conradlawoffice.com

Attorney for Plaintiff,
*PRO PER*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD J. KUYAWA, | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR:** |
| COMPASS MINING, INC. a corporation paying taxes in Texas, formed in Delaware with a mailing address in Nevada; WHITNEY GIBBS, an individual and CEO of Compass Mining, Inc.; SAJED AMMARI an individual; MICHAEL FIELDS, an individual, and DOES 1-25, inclusive, | **(1) BREACH OF CONTRACT;**<br>**(2) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**(3) BREACH OF IMPLIED DUTY TO PERFORM WITH RESONABLE CARE;**<br>**(4) CONVERSION** |
| Defendants. | **AND** |
| | **JURY DEMAND** |

Plaintiff, Conrad J. Kuyawa ("Plaintiff") hereby makes the following allegations against

Defendants COMPASS MINING, INC. a Corporation paying taxes in Texas, organized

under the laws of the state of Delaware, and with a business address in Nevada; WHITNEY

GIBBS, an individual and CEO of Compass Mining, Inc.; SAJED AMMARI an individual;

MICHAEL FIELDS, an individual, and DOES 1-25, inclusive ("Defendants").

/ / /

-1-

UNITED STATES DISTRICT COURT-
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____

COMPLAINT AND JURY DEMAND

## SUMMARY OF ALLEGATIONS

Plaintiff decided to make an investment in Cryptocurrency Mining and in July of 2021 he was in contact with Defendant Compass about purchasing mining machines in Manitoba, Canada.  However, a Compass representative offered him an alternative to invest in mining machines in Russia.  Relying on this representation, Plaintiff eventually invested in a total of 16 mining machines (VIP Bundles) in Russia.

On December 24, 2021, Defendant Michael Fields sent an email to Mr. Kuyawa and other investors stating that there would be no delays for the VIP Bundles in Russia.  Later, on May 2, 2022, Mr. Kuyawa was assured again by email from Compass that the sanctions imposed on Russia would not negatively impact the mining operations in Russia.

Based on these assertions, Mr. Kuyawa did not attempt to move his mining investments from Russia.

However, despite these assertions by Defendants, on May 12, 2022, Compass abruptly reversed its position and issued an email confirming that the recent sanctions on Russia would impact the Russian hosting partner.  Mining yield payments were halted.

Plaintiff does not have control of his investment, nor does he have any of the mining yields. Compass has completed control of Plaintiff's investment and it is unknown if they are collecting mining proceeds within Russia even though the yield assets are not being sent to investors in the U.S.  Because of his reliance on Defendants' and each of their assertions, Plaintiff has lost and continues to lose money on his investment.  His investment money has now been converted by Defendants who retain complete control over the assets and any proceeds from those assets.

## PARTIES

### A.    CONRAD J. KUYAWA

Plaintiff Conrad J. Kuyawa is an individual and at all relevant times was a resident of Contra Costa County, California.

-2-

UNITED STATES DISTRICT COURT-                                      COMPLAINT AND JURY DEMAND
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____

**B.   COMPASS MINING, INC.**

Defendant Compass Mining, Inc. is and was at all relevant times a corporation registered to pay taxes in Texas, organized under the laws of the state of Delaware. Defendant Compass Mining has a mailing address of 1887 Whitney Mesa Drive #9191, Henderson, Nevada 89014.  Compass Mining is not registered with Nevada Secretary of State, or the California secretary of state but has done business in California and specifically made business transactions with Mr. Kuyawa and other California residents.

**C.   WHITNEY GIBBS.**

Defendant Whitney Gibbs is an individual and was at all relevant times the CEO of Compass Mining.

**D.   SAJED AMMARI**

Defendant Sajed Ammari is an individual and was at all relevant times an employee and/or representative of Compass Mining.

**E.   MICHAEL FIELDS**

Defendant Michael Fields is an individual and was at all relevant times an employee and/or representative of Compass Mining.

**F.   DEFENDANTS DOES 1-25**

Defendants Does 1-25 are not yet known to Plaintiff. Defendants at all relevant and material times were actual and/or apparent and/or ostensible agents and/or employees of each and/or all the Defendants were acting in the course, agency/employment and within the scope of said agency/employment. Plaintiffs reserve the right to name any or all Does 1-25 should facts later reveal that such individuals were acting in concert with each, any, or all of Defendants.

**<u>JURISDICTION</u>**

This Court is the proper venue based on diversity of jurisdiction.  Plaintiff is and was at all relevant times an individual residing in Contra Costa, California.  Defendant Compass

-3-

UNITED STATES DISTRICT COURT-
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____                    COMPLAINT AND JURY DEMAND

Mining, Inc. is and was at all relevant times a corporation registered to pay taxes in Texas with a business address in Nevada and formed under the laws of Delaware.  Defendant has done business in California with Mr. Kuyawa and other investors in Northern California.

Plaintiff's action involves claims exceeding $132,000 excluding interest and costs.

This Court has personal jurisdiction over Defendant because it has transacted substantial business in this district, including with Plaintiff making venue proper under 28 U.S.C § 1391(b)(2) and others.

**FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION**

1.  Bitcoin mining involves a process of applying computer power to solve complex cryptographic problems to produce ("or mint") new bitcoins.  Those minted bitcoins are assigned to the solver.

2.  The computer systems used for bitcoining (sometimes referred to as Application Specific Integrated Circuits "ASIC") mining are specifically designated and constructed for the application of efficiently solving cryptographic problems which produces the bitcoins through the mining process.

3.  Bitcoin mining systems generally retails for approximately $6,000 to $10,000 based on the specific architecture and components that make up the mining system.

4.  Plaintiff is informed and believes and thereon alleges that Defendant Compass is engaged in the sale and management of systems for bitcoin mining.

5.  Plaintiff is informed and believes and thereon alleges that the primary business of Compass is the management of its customers' mining systems.

6.  Plaintiff is informed and believes and thereon alleges that customers, to include Plaintiff, purchase mining systems from Compass.  Compass then installs the miners and oversees their operation at various Compass-owned or third-party data centers throughout the world.

7.  Plaintiff is informed and believes and thereon alleges that bitcoin mining requires

-4-

UNITED STATES DISTRICT COURT-                              COMPLAINT AND JURY DEMAND
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____

significant energy and because of this, mining systems are usually located in places with lower energy costs and high production capacity.   The profitability of bitcoin mining depends on various costs, especially the price of energy.

8.  Plaintiff is informed and believes and thereon alleges that Compass bundles the mining systems it sells with "hosting plans," which includes installation, management, and energy fees for the miners at a fixed monthly rate.  These plans permit for a level of certainty despite economic variables relevant to bitcoin mining.

9.  Plaintiff is informed and believes and thereon alleges that Compass is accepting an agency relationship with its customers, including related obligations for each service plan it sells.  This relationship includes diligent, good faith services.

10. Plaintiff is informed and believes and thereon alleges that Compass procures the miners, takes custody, installs them at a data center, then oversees their operation and management on behalf of the customer who derives revenue from the operation.

11.  Plaintiff is informed and believes and thereon alleges that Compass sells customers this computer hardware and services based on a specific and implied representation that it has the ability to safely and competently manage the systems on behalf of its clients.

12.  Plaintiff is an individual who decided to make an investment in Cryptocurrency Mining.

13. In July of 2021 he was in contact with Defendant Compass about purchasing mining machines in Manitoba, Canada.

14. However, Compass representatives offered him an alternative to invest in mining machines in Russia.

15. Relying on Defendants' recommendation, Plaintiff eventually invested in a total of 16 mining machines in Russia investing $132,000.

16. On December 24, 2021, Defendant Michael Fields sent an email to Plaintiff and apparently other investors stating that there would be no delays for the VIP Bundles in

-5-

Russia.

17. Since Plaintiff owned VIP Bundles as part of his investment Plaintiff this email applied to him.

18. Relying on Defendants' assertions, Plaintiff did not attempt to move his mining investments.

19. Later, on May 2, 2022, Plaintiff was assured again by email from Compass that the sanctions imposed on Russia would not negatively impact the mining operations in Russia.

20. Relying on Defendants' assertions, Plaintiff did not attempt to move his mining investments.

21. However, despite these assertions, on May 12, 2022 Compass abruptly reversed its position and issued an email confirming that the recent sanctions on Russia would impact the Russian hosting partner.

22. Plaintiff does not have his investment, control over his investment, nor does he have any of the mining yields.

23. Plaintiff lost and continues to lose money on his investment.

24. Plaintiff's investment money is now converted by Defendants because Plaintiff cannot access it or control those monies.

25. Based on the foregoing, Plaintiff has suffered financial damages as a direct and proximate result of the aforementioned actions of Defendants.

## **FIRST CAUSE OF ACTION**

### **(BREACH OF CONTRACT)**

#### **(Against All Defendants)**

26. Plaintiff incorporates by reference as though set forth in full paragraphs 1-25 herein.

27. Compass entered into a contract with Plaintiff to mine cryptocurrency in return for Plaintiff's investment in same.

28. Plaintiff relied on Defendants' recommendation to make this investment and form

-6-

1    this contract.

2    29. Plaintiff completed all contract requirements mandatory for him to perfect by the

3    Contract.

4    30. Plaintiff, as part of the contract did not agree for his investment money to be

5    converted or to otherwise be outside of his control.

6    31. Defendants and each of them have not fulfilled its/their respective obligations under

7    the Contract.

8    32. Plaintiff relied on Defendants' assertions about operations not being impacted by

9    sanctions and did not attempt to move his investments.

10   33. Defendants and each of them ceased mining and/or are not paying out from yields on

11   output money owed to Plaintiff as part of the Contract.

12   34. Because Defendants and each of them have ceased mining and/or are not paying out

13   from yields on output money owed to Plaintiff as part of the Contract, Defendants and each

14   of them have materially breached and continue to materially breach the Contract.

15   35. By inducing Plaintiff to invest in a mining machine in Russia when he originally

16   wanted to invest in Canada, Defendants and each of them have breached its/their contract

17   by directing Plaintiff to an investment that would not yield the contractual proceeds.

18   36. By making assurances that the mining yields would not be impacted by sanctions,

19   Defendant and each of them caused Plaintiff to leave his mining investments in Russia and

20   was a breach of contract.

21   37. By failing to mine and/or pay out proceeds owed to Plaintiff, Defendants and each of

22   them breached their contract.

23   38. "To succeed on a claim for breach of contract under California law, a plaintiff must

24   plead and prove: (1) the existence of a contract; (2) plaintiff's performance or excuse for

25   non-performance; (3) defendant's breach; and (4) damage to plaintiff resulting therefrom.

26   *McKell v. Washington Mut., Inc*., 142 Cal.App.4th 1457, 1489, 49 Cal.Rptr.3d 227 (2006)".

27

28

-7-

UNITED STATES DISTRICT COURT-                          COMPLAINT AND JURY DEMAND
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____

[See *CRAIGSLIST, INC. v. NATUREMARKET, INC*. 694 F.Supp.2d 1039, 1059 (2010)].

39. Defendants and each of them have materially breached their contract with Plaintiff in accordance with the California law provisions.

40. As direct and proximate result of this material breach by Defendants and each of them, Plaintiff has been and continues to suffer financial damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein and hereinafter.

## SECOND CAUSE OF ACTION

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

## (Against All Defendants)

41. Plaintiff incorporates by reference as though set forth in full paragraphs 1-40 herein.

42. Defendants and each of them entered into a contract with Plaintiff to mine cryptocurrency in return for Plaintiff's investment in same.

43. Plaintiff relied on Defendants' and each of their respective recommendation to make this investment and form this contract.

44. Plaintiff completed all contract requirements mandatory for him to perfect by the Contract.

45. Plaintiff, as part of the contract did not agree for his investment money to be converted or to otherwise be outside of his control.

46. Defendants and each of them have not fulfilled its/their respective obligations under the Contract.

47. Plaintiff relied on Defendants' and each of their assertions about operations not being impacted by sanctions and did not attempt to move his investments.

48. Defendants and each of them ceased mining and/or are not paying out from yields on output money owed to Plaintiff as part of the Contract.

49. Because Defendants and each of them have ceased mining and/or are not paying out

-8-

from yields on output money owed to Plaintiff as part of the Contract, Defendants, and each of them have materially breached and continue to materially breach their respective implied covenant of good faith and fair dealing.

50. By inducing Plaintiff to invest in a mining machine in Russia when he originally wanted to invest in Canada, Defendants and each of them have breached its/their implied covenant of good faith and fair dealing.

51. By directing Plaintiff to an investment that would not yield the agreed upon results and caused Plaintiff to lose control of his investment Defendants and each of them breached their respective implied covenant of good faith and fair dealing.

52. By giving Plaintiff assurances that the mining in Russia would not be interrupted by U.S. sanctions on Russia, Defendants, and each of them breached their respective implied covenant of good faith and fair dealing.

53. Under California law, every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 796, 71 Cal.Rptr.3d 885 (2008) (quoting *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 371-72, 6 Cal.Rptr.2d 467, 826 P.2d 710 (1992)). The covenant "is based on general contract law and the long-standing rule that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Waller v. Truck Ins. Exchange, Inc*., 11 Cal.4th 1, 36, 44 Cal. Rptr.2d 370, 900 P.2d 619 (1995). In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct. [See *Rosenfeld v. JPMorgan Chase Bank, NA*, 732 F.Supp. 2d 952, 968 (2010)].

-9-

54. As direct and proximate result of this material breach of implied covenant of good faith and fair dealing by Defendants and each of them, Plaintiff has been and continues to suffer financial damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein and hereinafter.

## THIRD CAUSE OF ACTION

### (BREACH OF IMPLIED DUTY TO PERFORM WITH REASONABLE CARE)

### (Against All Defendants)

55. Plaintiff incorporates by reference as though set forth in full paragraphs 1-54 herein.

56. Defendants and each of them entered into a contract with Plaintiff to mine cryptocurrency in return for Plaintiff's investment in same.

57. Plaintiff relied on Defendants' recommendation to make this investment and form this contract.

58. Plaintiff completed all contract requirements mandatory for him to perfect by the Contract.

59. Plaintiff, as part of the contract did not agree for his investment money to be converted or to otherwise be outside of his control.

60. Defendants and each of them have not fulfilled its/their respective obligations under the Contract.

61. Plaintiff relied on Defendants' assertions about operations not being impacted by sanctions and did not attempt to move his investments.

62. Defendants and each of them ceased mining and/or are not paying out from yields on output money owed to Plaintiff as part of the Contract.

63. Because Defendants and each of them have ceased mining and/or are not paying out from yields on output money owed to Plaintiff as part of the Contract, Defendants, and each of them have materially breached and continue to materially breach the Contract.

-10-

64. By inducing Plaintiff to invest in a mining machine in Russia when he originally wanted to invest in Canada, Defendants and each of them, has breached its implied duty to perform with reasonable care.

65. By directing Plaintiff to an investment that would not yield the agreed upon results Defendants and each of them breached of implied duty to perform with reasonable care.

66. By giving Plaintiff assurances that the mining in Russia would not be interrupted by U.S. sanctions on Russia, Defendants, and each of them breached their respective implied duty to perform with reasonable care.

67. "[E]xpress contractual terms give rise to implied duties, violations of which may themselves constitute breaches of contract. ' "Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement [citation].' " (*Holguin, supra*, 229 Cal.App.4th at p. 1324.)

68. As direct and proximate result of this material breach of implied duty to perform with reasonable care by Defendants and each of them, Plaintiff has been and continues to suffer financial damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein and hereinafter.

## **FOURTH CAUSE OF ACTION**

### **(CONVERSION)**

### **(Against All Defendants)**

69. Plaintiff incorporates by reference as though set forth in full paragraphs 1-68 herein.

70. Defendants and each of theme ntered into a contract with Plaintiff to mine

-11-

cryptocurrency in return for Plaintiff's investment in same.

71. Plaintiff relied on Defendants' and each of their respective recommendation to make this investment and form this contract.

72. Plaintiff completed all contract requirements mandatory for him to perfect by the Contract.

73. Plaintiff, as part of the contract did not agree for his investment money to be converted or to otherwise be outside of his control.

74. Defendants and each of them have not fulfilled its/their respective obligations under the Contract.

75. Plaintiff relied on Defendants' assertions about operations not being impacted by sanctions and did not attempt to move his investments.

76. Defendants and each of them ceased mining and/or are not paying out from yields on output money owed to Plaintiff as part of the Contract.

77. Because Defendants and each of them have ceased mining and/or are not paying out from yields on output money owed to Plaintiff as part of the Contract, Defendants and each of them have committed conversion because they exercises complete control over Plaintiff's investments and he cannot access his funds.

78. By inducing Plaintiff to invest in a mining machine in Russia when he originally wanted to invest in Canada, Defendant and each of them caused Plaintiff's funds to be locked up in mining machines in Russia without any output yield and/or Plaintiff is unable to access his investment monies.

79. By directing Plaintiff to an investment that would not yield the agreed upon results because of substantial risks that were known or should have been known by Defendants and each of them, Defendants have converted Plaintiff's investment money.

80. By giving Plaintiff assurances that the mining in Russia would not be interrupted by U.S. sanctions on Russia, Defendants, and each of them have converted Plaintiff's money

-12-

UNITED STATES DISTRICT COURT-                    COMPLAINT AND JURY DEMAND
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____

because had he known the truth of what would happen to his investment with sanctions, he could have moved his investments.  Currently only Defendants have control over Plaintiff's money and he is unable to gain control over his investments.

81. "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. (*Messerall v. Fulwider* (1988) 199 Cal. App.3d 1324, 1329 [245 Cal. Rptr. 548]; *Enterprise Leasing Corp. v. Shugart Corp*. (1991) 231 Cal. App.3d 737, 747 [282 Cal. Rptr. 620].) Conversion is also a strict liability tort. "`"The foundation for the action for conversion rests neither in the knowledge nor the intent of the defendant.... [Instead], `the tort consists in the breach of what may be called an absolute duty; the act itself ... is unlawful and redressible as a tort."'' ..." (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 144, fn. 38 [271 Cal. Rptr. 146, 793 P.2d 479].) Therefore, questions of good faith, lack of knowledge and motive are ordinarily immaterial." *Oakdale Village Group v. Fong*, (1996) 43 Cal. App. 4th 539, 543-544.

82. As direct and proximate result of this conversion of Plaintiff's investment by Defendants and each of them, Plaintiff has been and continues to suffer financial damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein and hereinafter.

## **PRAYER FOR RELIEF**

WHEREFOR, Conrad J. Kuyawa prays for this Court to enter judgment and provide relief as follows:

1.  Award Plaintiff an amount to be determined at trial but in the least to award

-13-

Plaintiff his investment of $135,000 plus interest;

2. Costs and attorneys fees;

3. Such further relief as the Court deems just and proper.

DATED:  July 11, 2022                    LAW OFFICES OF CONRAD J. KUYAWA

By:_____
                                        CONRAD J. KUYAWA
                                        *Pro Per*

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

DATED:  July 11, 2022                    LAW OFFICES OF CONRAD J. KUYAWA

By:_____
                                        CONRAD J. KUYAWA
                                        *Pro Per*

-14-

UNITED STATES DISTRICT COURT-                    COMPLAINT AND JURY DEMAND
NORTHERN DISTRICT OF CALIFORNIA
Case No. _____